UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 10-297 |
| QUENSHEY N. MITCHELL | SECTION "L" (2) |

## ORDER AND REASONS ON MOTIONS

Two discovery motions filed by defendant Quenshey N. Mitchell are pending before me: (1) Defendant's Motion for Disclosure of Confidential Informants, Record Doc. No.145; and (2) Defendant's Motion for Early Disclosure of Jencks Material and Timely Disclosure of Brady/Giglio Material, Record Doc. No. 147. The government filed a timely written opposition memorandum. Record Doc. No. 160. Having considered the record, the applicable law and the written submissions of counsel, both motions are DENIED for the following reasons.

"What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro v. United States, 353 U.S. 53, 59 (1957). The privilege protects "the public interest in effective law enforcement." Id. By preserving the anonymity of citizens who provide information, the privilege encourages citizens to perform their obligation of communicating to law enforcement their knowledge of the commission of crimes, id., and seeks to protect them by "'mak[ing] retaliation impossible.'" Brock v. On Shore

Quality Control Specialists, Inc., 811 F.2d 282, 284 (5th cir. 1987) (quoting Writz v. Cont'l Fin. & Loan Co. of West End, 326 F.2d 561, 564 (5th Cir. 1964)). The privilege "protects more than just the name of the informant and extends to information that would tend to reveal the identity of the informant." United States v. Napier, 436 F.3d 1133, 1136 (9th Cir. 2006).

In Roviaro, the United States Supreme Court "established a 'balancing of interests' test for determining when the informer's privilege attaches." Brock v. On shore Quality control Specialists, Inc., 811 F. 2d 282, 283 (5th cir. 2004). "To determine whether disclosure is required, we balance the government's interest in nondisclosure against the [defendant's] interest in disclosure." In re: Kleberg County, Texas, 2004 WL 75455, *3 (5th Cir. 2004) (citing Roviaro, 353 U.S. at 62). In addition, "the informer's right to be protected against possible retaliation" must also be considered. Brock, 811 F.2d at 283. The Fifth Circuit has described the required balancing as a three-part test: The court examines 1) the informant's degree of involvement in the crime, 2) the helpfulness of the disclosure to the defense, and 3) the Government's interest in nondisclosure. United States v. Vizcarra–Porras, 889 F.2d 1435, 1438 (5th Cir.1989), cert. denied, 495 U.S. 940 (1990).

As with all privileges, the party seeking to overcome its protection, defendant in this case, bears the burden of doing so, and in the context of the informer's privilege, the

2

burden includes demonstrating that disclosure is "'essential to a fair determination of a cause.'" Kleberg County, at *3 (citing Roviaro, 353 U.S. at 60-61).

In this instance, defendant has failed to sustain his burden of making a showing necessary to overcome the government's privilege. Defendant's motion papers weakly speculate, without support, that "[t]he defense believes that the informant was a participant in at least some of the alleged criminal activity that forms the basis for the defendant's charges, . . ." Record Doc. No. 145-1 at pp. 3-4 (emphasis added). This kind of unsubstantiated speculation is insufficient to establish either that any informant was a participant in the charged offenses or that disclosure would be helpful – much less essential – to the defense. Most significantly in the balancing test, however, is the substantial interest of the Government in nondisclosure, including the interest of precluding retaliation against any informant. The charges against defendant in this case include one count of murder and another count of aiding and abetting murder, both in connection with the killing of a government witness, in circumstances involving defendant's involvement in a criminal gang well-known for extreme witness intimidation tactics. This is a factor in the balancing test that weighs heavily against disclosure in this case. In light of defendant's failure to make the showing necessary to overcome the government's privilege, the balancing test clearly weighs against granting defendant's motion for disclosure of the requested information concerning informants.

As to defendant's request for early disclosure of Jenks Act, Brady and Giglio materials, both 18 U.S.C. §3500(b) and Fed. R. Crim P. 26.2(a) require production of statements fitting these categories only "[a]fter a witness . . . has testified on direct examination" (emphasis added). While defendant is certainly correct that the court has inherent, discretionary authority to order the early disclosure he seeks in this case, I decline to exercise that authority in this case, especially given the nature of the offenses charged – i.e., the murder of a government witness and allegations involving defendant's involvement in a criminal gang well-known for extreme witness intimidation tactics. For the 33 years during which I have worked in or around this court, its judges have engaged in the salutary practice of requiring early disclosure of these kinds of materials by including a provision in their final pretrial orders requiring government production to defendant on the Friday before a Monday trial.  Defendant has advanced no persuasive reason for departure from that practice by earlier disclosure in this case.

For all of the foregoing reasons, defendant's motions are DENIED.

New Orleans, Louisiana, this ___23rd___ day of October, 2013.

          JOSEPH C. WILKINSON, JR.
          UNITED STATES MAGISTRATE JUDGE