# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| | * | |
| VERSUS | * | NO. 10-297 |
| | * | |
| QUENSHEY MITCHELL | * | SECTION "L" |

## ORDER AND REASONS

Before the Court is Defendant Quenshey Mitchell's Motion for Extension of Time, R. Doc. 271, Motion to Vacate under 28 U.S.C. § 2255, R. Doc. 272, and Motion to Appoint Counsel, or in the Alternative for Extension of Time to File, R. Doc. 275. The Court has reviewed the parties' arguments and applicable law and now issues this Order and Reasons.

**I.     BACKGROUND**

On January 9, 2014, after a four-day jury trial before this Court, Defendant Quenshey Mitchell was found guilty of all six counts of the six-count Superseding Indictment. Count 1 charged Mitchell with conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin, a Schedule I controlled substance, in violation of 21 USC §§ 841(a)(1), 841(b)(1)(A), and 846. R. Doc. 67 at 1. Count 2 charged Mitchell with conspiracy to kill Cristina S. Williams in order to prevent her from attending an official proceeding and to prevent her from further communicating with law enforcement, in violation of 18 USC §§ 1512(a)(1)(A), 1512(a)(1)(C), 1512(a)(3)(A), and 1512(k). R. Doc. 67 at 2. Count 3 charged Mitchell with aiding and abetting in the unlawful killing of Williams in order to prevent her attendance at an official proceeding and to prevent her from further communicating with law enforcement, in violation of 18 USC §§ 1512(a)(1)(A), 1512(a)(1)(C), 1512(a)(3)(A) and 2.

1

Count 4, like Count 2, charged Mitchell with conspiracy to kill Williams. However, unlike Count 2, Count 4 charged that he did so in order to retaliate against her for previously providing information to a law enforcement officer, in violation of 18 USC §§ 1513(a)(1)(B), 1513(a)(2)(A), and 1513(f). Count 5, like Count 3, charged Mitchell with aiding and abetting in the unlawful killing of Williams. Count 5 charged that he did so in order to retaliate against her for providing information to a law enforcement officer, in violation of 18 USC §§ 1513(a)(1)(B), 1513 (a)(2)(A) and 2. Last, Count 6 charged Mitchell with conspiracy to obstruct, influence, and impede an official proceeding, in violation of 18 USC §§ 1512(c)(2) and 1512(k). On October 16, 2014, the Court sentenced Mitchell to five concurrent life terms of imprisonment as to Counts One through Five of the Indictment. The Court also sentenced Mitchell to a 240-month term as to Count Six, to also be run concurrently. R. Doc. 257. On October 23, 2014, Mitchell timely filed his notice of appeal. R. Doc. 258. Following briefing and oral argument, on July 7, 2015, the Fifth Circuit Court of Appeal affirmed Mitchell's convictions. R. Doc. 267.

## II. PRESENT MOTIONS

### A. Motion for Extension of Time and Motion to Vacate under 28 U.S.C. § 2255 (R. Docs. 271, 272)

Defendant Quenshey Mitchell has filed a motion seeking additional time to file a motion to vacate, R. Doc. 271, along with his motion to vacate under 28 U.S.C. § 2255, R. Doc. 272. In his motion, Mitchell claims he is entitled to relief under § 2255 because of ineffective assistance of counsel. R. Doc. 272 at 4. Mitchell points to four alleged deficiencies of his trial counsel: (1) counsel's failure to investigate, specifically by not interviewing the cell phone store owner who allegedly would have testified that he never sold Mitchell any of the phones used to communicate with Christina S. Williams, the victim in this case; (2) failure to object to the jury instructions which did not include the Fifth Circuit Pattern instruction for aiding and abetting; (3)

failure to cross examine a homicide detective regarding his investigation of the cell phone store; and (4) failure to object to the government's closing arguments, which Mitchell alleges were inflammatory and beyond the scope of the evidence. R. Doc. 272 at 4-5.

### B. Government's Response (R. Doc. 274)

In response, the Government contends that Mitchell's claims are without merit, as he fails to explain how the alleged ineffective assistance of counsel led to his conviction. R. Doc. 274 at 4. Addressing Mitchell's claims that his attorney should have interviewed the cell phone store owner, the Government argues that not only does Mitchell not provide support for the witness' purported testimony, but also that *Strickland* prohibits a Defendant from claiming ineffective assistance of counsel because of his attorney's strategic decisions. R. Doc. 274 at 8. Second, the Government explains that Mitchell is mistaken in claiming that his attorney failed to cross examine the detective regarding the investigation of the cell phone store. R. Doc. 274 at 4. According to the Government, "his counsel did raise the issue of the cell phone store on cross examination of the homicide detective." R. Doc. 274 at 4.

As to Mitchell's claims that his attorney failed to object to the jury instructions and closing argument, the Government contends that these two issues have already been addressed by the Court and the Court determined Mitchell's rights were not substantially prejudiced by his counsel's action, or inaction. Further, the government argues that these issues were not raised on appeal and therefore Mitchell must demonstrate "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." R. Doc. 274 at 9-10 (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)). If Mitchell is unable to meet this standard, he is only entitled to relief if a constitutional error would result in a "complete miscarriage of justice." R. Doc. 274 at 11 (quoting *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991)). Because

Mitchell does not demonstrate cause or actual prejudice, the Government avers his claims must fail. R. Doc. 274 at 11.

## III. LAW & ANALYSIS

Mitchell seeks to vacate the judgment against him pursuant to 28 U.S.C. § 2255. Mitchell also asks the Court to appoint him new counsel. The Court will discuss each of these arguments in turn.

### A. Ineffective Assistance of Counsel[1]

In the present motion, Mitchell asserts four separate instances of ineffective assistance of counsel. Claims of ineffective assistance of counsel are governed by *Strickland v. Washington,* 466 U.S. 668 (1984), and its progeny. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687–88. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690–91. To obtain relief under *Strickland,* a petitioner must show both unreasonable performance by counsel and prejudice to the petitioner's case as a result of counsel's performance. Specifically, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[1] The Government argues that because these issues were not raised on direct appeal, Mitchell must show both cause for the procedural error, and the resulting prejudice as required under *United States v. Segler.* 37 F.3d 1131, 1133 (5th Cir. 1994). However, because the Court finds that Mitchell cannot meet the two-prong test in *Strickland*, it is not necessary to discuss whether his claims meet the *Segler* cause and prejudice standard.

proceeding would have been different." *Id.* at 694. In this case, Mitchell has failed to make such a showing.

      1.  *Failure to investigate the cell phone store*

  Mitchell argues his counsel was ineffective because he failed to interview or present testimony from the owner of the cell phone store where the phones use to communicate with Christina S. Williams were purchased. According to Mitchell, the store owner would have testified that he did not know Mitchell, and had never sold him a cell phone. Mitchell does not provide any additional information to support this supposed testimony. Furthermore, the government's case did not rely on the fact that Mitchell purchased the cell phones. Instead, the government presented evidence regarding subscriber addresses assigned to those particular phones. Thus, even if the witness would have testified he never sold the phones to Mitchell, the Court finds that counsel's decision not to question or investigate this witness was reasonable, particularly in light of the fact that he questioned the homicide detective about this portion of the investigation during the trial. Such a choice demonstrates reasonable professional judgment in light of the inherent limitations on investigation. *Strickland*, 466 U.S. at 690-91. This choice is exactly the type of strategic choice that is "virtually unchallengeable" under *Strickland*. *Id.*

      2.  *Failure to question homicide detective regarding cell phone store*

  Much like Mitchell's claims that his attorney failed to interview or present testimony from the owner of the cell phone store, Mitchell argues that his attorney should have questioned the homicide detective about his investigation of the cell phone store, as such cross examination would have revealed that the cell phone store owner did not know Mitchell and had not sold him a cell phone. However, as discussed above, even if this information were true, it does not rise to the level of a constitutional violation that would provide relief under § 2255. In *Strickland*, the

Fifth Circuit explained that the defendant must affirmatively prove prejudice. *Id.* "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 593. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 695. Here, Mitchell has not demonstrated that there is a reasonable probability the result of the proceeding would have been different if his attorney had asked the detective further questions about the cell phone store on cross examination. Nor was his attorney's decision an unprofessional error, but rather a strategic decision made after a full investigation into the facts of the case. *Id*. at 690-91. Because Mitchell has not demonstrated his trial counsel's unreasonable performance or resulting prejudice, he is not entitled to relief under § 2255 on these grounds.

   3.  *Failure to object to jury instruction*

Mitchell argues his counsel was ineffective for failing to object to jury instructions that did not include the Fifth Circuit Pattern Jury Instructions for aiding and abetting. As the government points out, the Court already ruled on this issue in Mitchell's Motion for a New Trial. R. Doc. 272 at 4. In that ruling, the Court determined that the jury instructions related to aiding and abetting, taken as a whole, correctly stated the law and clearly instructed the jurors as to the principles of that law. *See* R. Doc. 248 at 30.

In *Rosemond v. United States*, 134 S. Ct. 1240, 1245 (2014), the Supreme Court held that to be convicted on an aiding and abetting charge the jury must believe beyond a reasonable doubt that the defendant took an affirmative action in furtherance of an act with the intent of the acts commission. *Id*. These elements were present in the jury instructions in this case.[2] Thus, it was

---

[2] The relevant portions of the Court's instructions on Count 3 provided:

not unreasonable for trial counsel to decide not to object to the instruction that were given. Further, the instructions did not result in prejudice. Because Mitchell cannot establish either of the necessary prongs required under *Strickland*, he is not entitled to relief for ineffective assistance of counsel based on his attorney's failure to object to the jury instructions. 466 U.S. at 690-91.

        4.     *Failure to object to closing argument*

Like Mitchell's arguments regarding the jury charges, this Court has already considered whether counsel's failure to object during the closing argument prejudiced Mitchell's rights. The Court determined that the comments made during closing argument were not improper, and therefore did not substantially prejudice his rights. R. Doc. 248 at 25. Relying on Fifth Circuit law, the Court determined

---

> In Count Three, <u>Quenshey Mitchell is charged with aiding and abetting</u> in the unlawful killing, with malice aforethought, of Cristina S. Williams . . .
> For you to find the Defendant guilty of this crime, you must be convinced that the Government has proven each of the following elements beyond a reasonable doubt:
> First: The Defendant killed <u>or caused Williams to be killed;</u>
> Second: Williams was a witness; and
> Third: The Defendant did so with intent to prevent Williams's attendance or testimony in an official proceeding or to prevent Williams from communicating to a law enforcement officer of the United States information relating to Count One. You do not have to find that the intent was both to keep Williams from testifying in an official proceeding *and* to prevent her from communicating to a law enforcement officer, but you do have to be unanimous as to what the intent of the agreement was.

R. Doc. 191 at 23-25 (emphasis added). The relevant portion of the Court's instruction for Count 5 provided:

> In Count Five, <u>Quenshey Mitchell is charged with aiding and abetting</u> in the unlawful killing, with malice aforethought, of Cristina S. Williams willfully, deliberately, maliciously and with premeditation on or about July 29, 2010, with intent to retaliate against Cristina S. Williams . . .
> For you to find the Defendant guilty of this crime, you must be convinced that the Government has proven each of the following elements beyond a reasonable doubt:
> First: The Defendant killed <u>or caused Williams to be killed</u>;
> Second: The Defendant did so with the intent to retaliate against Cristina S. Williams for providing a law enforcement officer with information relating to the commission of a federal offense, heroin conspiracy (Count One).

R. Doc. 191 at 26-28 (emphasis added).

7

> [T]hat the Government's comments during the closing argument were *not* legally improper. Pursuant to the Fifth Circuit's directive in *Washington*[3], the Government used the closing argument to assist the jury in analyzing and evaluating the evidence that was properly submitted. The Government's discussion of what conversations may have taken place during the documented phone calls was a proper discussion of the reasonable inferences and conclusions that could have been drawn from all of the evidence that was presented. The Court does not find that the Government included any mention of evidence that was not presented to the jury.

Because Mitchell cannot demonstrate his rights were prejudiced because his attorney did not object to the closing argument, as required by *Strickland*, his claim for relief based on his attorney's failure to object during closing argument also fails. 466 U.S. at 690-91; *United States v. Phillips*, 224 F.3d 765 (5th Cir. 2000).

Finally, the Court has reached this decision without an evidentiary hearing. If the record is adequate to evaluate the claims in a § 2255 motion fairly, an evidentiary hearing is not required. *See United States v. Smith,* 915 F.2d 959, 964 (5th Cir. 1990). Because the record demonstrates Mitchell cannot meet the two-prong test for ineffective assistance of counsel under *Strickland*, and evidentiary hearing is not required. *United States v. Jackson*, 52 F.3d 1067 (5th Cir. 1995); *United States v. Colindres*, 3 F.3d 440 (5th Cir. 1993).

### B. Defendant's Motion for Extension of Time and Appointment of Counsel (R. Doc. 275)

Mitchell has also filed a Motion for Extension of Time and to Appoint Counsel to aid the Petitioner in his Motion to Vacate under 28 U.S.C. § 2255. R. Doc. 275. The Court has already discussed Mitchell's Motion to Vacate pursuant to 28 U.S.C. § 2255; thus, his request for an

---

[3] In *Washington*, the Fifth Circuit explained that "[t]he purpose of closing argument is to assist the jury in analyzing and evaluating the evidence." *United States v. Washington*, 44 F.3d 1271, 1279 (5th Cir. 1995). "A prosecutor is confined in closing argument to discussing properly admitted evidence and any reasonable inferences or conclusions that can be drawn from that evidence. 'A prosecutor may not directly refer to or even allude to evidence that was not adduced at trial.'" *United States v. Mendoza*, 522 F.3d 482, 491 (5th Cir. 2008) (quoting *United States v. Murrah*, 888 F.2d 24, 26 (5th Cir. 1989)); *see also*, *Washington*, 44 F.3d at 1278 ("a prosecutor is not prohibited from 'recit[ing] to the jury those inferences and conclusions he wishes [the jury] to draw from the

extension of time is moot. As to his request for appointed counsel, there is no constitutional right to counsel in a habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Moreover, review of a Mitchell's Motion to Vacate does not reveal any complex legal issues which would warrant appointment of counsel under 18 U.S.C. §3006(A)(a)(2)(B). Accordingly, **IT IS ORDERED** that Mitchell's Motion for Extension of Time and Appointment of Counsel, R. Doc. 275, is hereby **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Mitchell's Motion to Vacate under 28 U.S.C. § 2255, R. Doc. 272 is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Mitchell's Motion for Extension of Time, R. Doc. 271, is hereby **DENIED**. The Court has reviewed Mitchell's Motion to Vacate as it was filed.

**IT IS FURTHER ORDERED** that Mitchell's Motion to Extension of Time and Appointment of Counsel, R. Doc. 275, is hereby **DENIED**.

New Orleans, Louisiana this 13th day of June, 2017.

							_____
							UNITED STATES DISTRICT JUDGE

---

evidence so long as those inferences are grounded upon the evidence'").